IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRICK MCDUFFIE,<br><br>      Plaintiff,<br><br>v.<br><br>DEKALB COUNTY POLICE DEPARTMENT, JEFF MANN (in his personal capacity and in his capacity as Sheriff of DeKalb County), ROBERT JAMES (in his personal capacity and in his capacity as District Attorney of DeKalb County), and JOHN DOES 1-100,<br><br>      Defendants. | Civil Action File No.<br>1:16-CV-01430-WSD |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
DEKALB COUNTY POLICE DEPARTMENT'S MOTION TO DISMISS**

Defendant DeKalb County Police Department respectfully shows the Court as follows in support of its Motion to Dismiss:

**I.      INTRODUCTION**

This lawsuit, which was filed on February 26, 2016, arises from Plaintiff's arrest and incarceration on November 6, 2012 based on the shooting of Marcus Tavon Brown on October 2, 2012. Following the shooting, Mr. Brown identified Plaintiff to the DeKalb County Police Department as his alleged shooter, both by

name and in a photographic lineup. Mr. Brown subsequently recanted his story, however, and the charges against Plaintiff were dismissed. Plaintiff now asserts claims for malicious arrest and prosecution, false imprisonment, and civil rights violations under 42 U.S.C. § 1983.

As discussed below, however, the DeKalb County Police Department is not a legal entity capable of being sued. Accordingly, Plaintiff's Complaint against the DeKalb County Police Department fails to state a claim upon which relief can be granted and should be dismissed.

## II.   RELEVANT FACTUAL BACKGROUND

### A.   The Parties

Plaintiff Darrick McDuffie is a resident of Buffalo, New York. Doc. 1-1 ("Complaint" or "Compl.") ¶ 1. Defendant DeKalb County Police Department is a department of DeKalb County, which is a local subdivision of the State of Georgia and a body corporate organized and existing under the Constitution of the State of Georgia. *See id.* ¶ 3; Ga. Const. Art. 9, § 1, ¶ 1; O.C.G.A. § 36-1-3.

### B.   The Underlying Incident

On October 2, 2012, Marcus Tavon Brown sustained gunshot wounds at or around 3054 Clairmont Road in DeKalb County, Georgia. Compl. ¶ 3. DeKalb County Police Department officers responded to the scene, and Mr. Brown was

transported to the hospital for treatment.  *Id.* ¶¶ 9, 12.  At the hospital, Mr. Brown identified Plaintiff as his alleged shooter to the police officers there by writing down Plaintiff's name and identifying him in a photographic lineup.  *See id.* ¶¶ 13, 16.

On October 4, 2012, a warrant was obtained for Plaintiff's arrest for aggravated assault based on the shooting of Mr. Brown.  *Id.* ¶ 19.  Plaintiff subsequently was arrested on November 6, 2012 and held at the DeKalb County Jail.  *Id.* ¶ 21.

On December 19, 2012, Plaintiff claims that Mr. Brown recanted his previous identification of Plaintiff on October 2, 2012 and further denied that Plaintiff was responsible for the shooting.  *Id.* ¶ 25.

Ultimately, the DeKalb County District Attorney dismissed the case against Plaintiff on February 26, 2014.  *Id.* ¶ 29.  Plaintiff claims he subsequently was released from the DeKalb County Jail on April 19, 2014.  *Id.* ¶ 30.

### C.   Procedural History

Plaintiff filed this lawsuit on February 26, 2016, exactly two years after he claims the criminal case against him was dismissed.  Compl., at 1.  The lawsuit asserts claims against the DeKalb County Police Department, DeKalb County Sheriff Jeff Mann (in his personal and official capacities), DeKalb County District

Attorney Robert James (in his personal and official capacities), and John Does 1-100. *Id.* Specifically, it asserts the following claims against all three defendants: (a) Count One, for malicious arrest and prosecution under Georgia law; (b) Count Two, for false imprisonment under Georgia law; (c) Count Three, for deprivation of Plaintiff's rights to liberty under the Fourth and Fourteenth Amendments to the U.S. Constitution in violation of 42 U.S.C. § 1983 and 1988; and (d) Count Four, for deprivation of Plaintiff's right to substantive due process under the Fourteenth Amendment in violation of 42 U.S.C. § 1983 and 1988.

Plaintiff served process on the DeKalb County Police Department on April 1, 2016. Doc. 1-2. The DeKalb County Police Department removed Plaintiff's Complaint to this Court on May 2, 2016. Doc. 1.

## III.   ARGUMENT AND CITATIONS TO AUTHORITY

### A.   Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate where a complaint

"tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 557); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Dismissal thus is appropriate when a plaintiff seeks to name as a defendant an entity not capable of being sued. *E.g.*, *Williams v. City of Atlanta*, No. 1:15-CV-02679-RWS, 2016 WL 1242087, at *3 (N.D. Ga. Mar. 30, 2016).

### B. The DeKalb County Police Department is Not An Entity Capable of Being Sued.

In federal court, the capacity of an entity to be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Georgia law therefore applies in this case.

"The State of Georgia recognizes only three classes as legal entities capable of suing or being sued: (1) natural persons; (2) corporations; and (3) quasi-artificial persons that the law recognizes as being capable of bringing suit." *Thrasher v. Hall County*, No. 2:14-CV-00148-RWS, 2015 WL 751715, at *2 (N.D. Ga. Feb. 23, 2015) (citing *Ga. Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318 (1988)). A county police department is not included in any of these three classes. *See id.* (citing *Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). *See also*, *e.g.*, *Lovelace v. DeKalb*

- 5 -

*Central Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (dismissing lawsuit against the DeKalb County Police Department) (citing, *inter alia*, *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)) (dismissing lawsuit against City of Atlanta police department).

Accordingly, the DeKalb County Police Department is not an entity capable of being sued, and Plaintiff's claims against the DeKalb County Police Department should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendant DeKalb County Police Department respectfully requests that this Court dismiss the claims against it in this action.

Respectfully submitted, this 9th day of May, 2016.

LAURA K. JOHNSON
Deputy County Attorney
Georgia Bar No. 392090

NIKISHA L. MCDONALD
Assistant County Attorney
Georgia Bar No. 489573

s/ Aaron J. Ross
AARON J. ROSS
Assistant County Attorney
Georgia Bar No. 461981

*Counsel for Defendant DeKalb County Police Department*

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

NIKISHA L. MCDONALD
Assistant County Attorney
nmcdonald@dekalbcountyga.gov
AARON J. ROSS
Assistant County Attorney
ajross@dekalbcountyga.gov
**DEKALB COUNTY LAW DEPARTMENT**
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Telephone:  (404) 371-3011
Facsimile:  (404) 371-3024

# CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system (which document was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C)), which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Adam J. Klein | Ronald J. Stay |
| Law Offices of Adam J. Klein | Assistant Attorney General |
| 6 Concourse Parkway | Department of Law, State of Georgia |
| Suite 2920 | 40 Capitol Square, S.W. |
| Atlanta, Georgia 30328 | Atlanta, Georgia 30334-1300 |

This 9th day of May, 2016.

s/ Aaron J. Ross
Aaron J. Ross
Assistant County Attorney
Georgia Bar No. 461981

*One of the Attorneys for Defendants*
*DeKalb County Police Department*