**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DARRICK MCDUFFIE,** | |
| **Plaintiff,** | |
| **v.** | **1:16-cv-1430-WSD** |
| **DEKALB COUNTY POLICE DEPARTMENT, JEFF MANN, in his personal capacity and in his capacity as Sheriff of DeKalb County, ROBERT JAMES, in his personal capacity and in his capacity as District Attorney of DeKalb County, and JOHN DOES 1-100,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Defendant DeKalb County Police Department's ("DKPD") Motion to Dismiss [3].  Also before the Court are Defendant Robert James's Motion for Judgment on the Pleadings [5] ("James's Motion"), Defendant Jeff Mann's Motion for Judgment on the Pleadings [9] ("Mann's Motion"), and Plaintiff Darrick McDuffie's ("Plaintiff") Motion to Substitute [8].

## I.     BACKGROUND

### A.     Facts

Plaintiff alleges that, on October 2, 2012, Marcus Tavon Brown was shot at or around 3054 Clairmont Road in DeKalb County, Georgia.  (Compl. [1.1] ¶ 8)  DKPD and the DeKalb County District Attorney's Office ("DA's Office") became involved in the subsequent investigation.  (Compl. ¶¶ 10, 11).   Plaintiff alleges that, while hospitalized and "in a severely compromised mental state," Mr. Brown identified Plaintiff as his shooter.  (Compl. ¶¶ 13, 14).  Plaintiff alleges that, based solely on this information, DKPD obtained an arrest warrant pursuant to which Plaintiff was arrested and sent to the DeKalb County jail.  (Compl. ¶¶ 16-21).  On November 26, 2016, a preliminary hearing was held in the Magistrate Court of DeKalb County.  (Compl. ¶ 22).  Plaintiff alleges that, based only on Mr. Brown's identification of him as his shooter, "the case was bound over to Superior Court." (Compl. ¶ 24).

Plaintiff alleges that, on December 19, 2012, Brown signed an affidavit ("Brown Affidavit") recanting his identification of Plaintiff as the shooter, and Plaintiff claims the Brown Affidavit was provided to both the DA's Office and DKPD.  (Compl. ¶¶ 25, 26).  Plaintiff claims that "none of the Defendants took any action to further investigate the case or indict or release" Plaintiff until

2

February 26, 2014, when Plaintiff claims the DA's Office dismissed the case against him.  (Compl. ¶¶ 27, 29).  Plaintiff alleges that he was not released from the DeKalb County Jail until April 19, 2014, 52 days after he claims all charges against him were dismissed.  (Compl. ¶ 30).  Plaintiff alleges he spent a total of 529 days in custody, from November 6, 2012, until April 19, 2014.  (Compl. ¶ 28) .

B.    Procedural History

On February 26, 2016, Plaintiff filed his Complaint in the State Court of DeKalb County, Georgia, asserting the following claims:  (1) malicious arrest and prosecution, (2) false imprisonment, (3) deprivation of Plaintiff's right to liberty under the Fourth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983, and (4) deprivation of Plaintiff's right to substantive due process under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.  Plaintiff asserts claims against Sheriff Jeff Mann and Attorney Robert James in their individual and official capacities.  Plaintiff seeks $10,000,000 in damages, as well as attorneys' fees.  (Compl. ¶¶ 70, 71).  On May 2, 2016, DKPD filed its Notice of Removal [1].

On May 9, 2016, DKPD filed its Motion to Dismiss.  DKPD argues it must be dismissed from this action because it is not an entity capable of being sued.  In response to DKPD's Motion, on May 26, 2016, Plaintiff filed his Motion to

Substitute, seeking to substitute DeKalb County for DKCD, and to substitute

Officer E. Acosta for John Doe #1 and Detective C.D. Franklin for John Doe #2 .

On May 24, 2016, Defendant James filed his Motion.  In it, James argues all

of Plaintiff's claims are barred by prosecutorial immunity, among other grounds

for dismissal.  On May 27, 2016, Defendant Mann filed his Motion.  He argues he

is entitled to judgment on the pleadings because Plaintiff failed to serve him within

ninety (90) days after filing his Complaint.[1]

## II.   DISCUSSION

A.   Legal Standards

"Judgment on the pleadings is appropriate where there are no material facts

in dispute and the moving party is entitled to judgment as a matter of law."

Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001).

Motions for judgment on the pleadings based on allegations of a failure to state a

claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss.

See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir.

---

[1]   On July 22, 2016, Plaintiff filed his "Motion to Amend Complaint to Reflect Mailing to the Attorney General of Georgia."  On July 26, 2016, the Court issued an Order [20] denying Plaintiff's Motion, noting that the Federal Rules of Civil Procedure do not provide for proof of service by an amendment to the allegations of a complaint.

2011); <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); <u>Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta</u>, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." <u>Wooten v. Quicken Loans, Inc.</u>, 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." <u>Aldana v. Del Monte Fresh Produce, N.A.</u>, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting <u>S. Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. <u>See</u> <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010) (construing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). Mere "labels and

conclusions" are insufficient.   Twombly, 550 U.S. at 555.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than

the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting

Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims

across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550

U.S. at 570).

  B. <u>Analysis</u>

    1. <u>DKPD's Motion to Dismiss</u>

  DKPD argues it must be dismissed from this action because it is not an

entity capable of being sued.  Plaintiff does not appear to contest that DKPD is not

an entity capable of being sued.  The Court agrees that DKPD is not an entity that

can be sued, and DKPD is dismissed from this action.  See Lovelace v. DeKalb

Central Probation, 144 F. App'x 793, 795 (11th Cir. 2005) (dismissing suit against

DeKalb County Police Department).

2.     Plaintiff's Motion to Substitute

Plaintiff seeks to substitute DeKalb County in place of DKPD, and to substitute Officer E. Acosta for John Doe #1 and Detective C.D. Franklin for John Doe #2.

a)     Substitution of John Does

With respect to Plaintiff's request to substitute Officer Acosta and Detective Franklin, Defendant DKPD argues that Plaintiff's claims against the substituted parties must be dismissed as untimely under Georgia's two-year statute of limitations for tort violations and violations of Section 1983.

Constitutional claims brought under Section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008) (quoting McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008). Plaintiff brought his claims in Georgia, where the governing limitations period for injuries to the person is two years after the right of action accrues. Crow, 528 F.3d at 1292 (citing O.C.G.A. § 9-3-33; Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006)).

Plaintiff claims he was incarcerated until April 19, 2014. On February 26, 2016, he filed this action. On May 26, 2016—more than two years

after the latest possible date on which Plaintiff's claims could have accrued—he filed his Motion to Substitute.  He claims that "[t]his substitution may be related back to the time of filing of the original complaint pursuant to Rule 15(c)(1)(C)" because "[t]he named officers knew or should have known that they would be sued due to the filing of this lawsuit, naming as John Doe Defendants the officers involved in Plaintiff's case, and when an *ante litem* notice was served on April 20, 2015, on Interim [DKPD Police] Chief J.W. Conroy."  (Mot. to Substitute ¶¶ 10-11).

"A plaintiff's amendment to identify parties previously designated as 'John Doe' defendants in the complaint does not relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15 because the amendment is made to correct the plaintiff's lack of knowledge about whom to sue, not a mistake by the defendant in identifying the proper party."  Bloodworth v. United States, 623 F. App'x 976, 979 (11th Cir. 2015) (citing Wayne v. Jarvis, 197 F.3d 1098, 1103-1104 (11th Cir. 1999), overruled in part on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc)).  Thus, if the Court granted Plaintiff's Motion to Substitute, the substitution would not relate back to the filing of Plaintiff's Complaint.  Plaintiff's claims against Officer Acosta and Detective

Franklin are time-barred, and Plaintiff's Motion to Substitute is thus denied with respect to his request to substitute Officer Acosta and Detective Franklin.[2]

b)   Substitution of DKPD

With respect to Plaintiff's request to substitute DeKalb County for DKPD, DKPD argues substitution would be futile because sovereign immunity bars Plaintiff's state-law claims, and Plaintiff failed to allege a sufficient policy or practice to support his Section 1983 claims.

"Under the Georgia Constitution, the protection of sovereign immunity extends to the state and all of its departments, including counties, and thus protects county employees who are sued in their official capacities unless sovereign immunity has been waived."   Jobling v. Shelton, 779 S.E.2d 705, 709 (Ga. Ct. App. 2015) (internal quotation marks omitted).   "Any waiver of sovereign immunity must be established by the party seeking to benefit from that waiver." Id. (alterations omitted).[3]   A claim against municipal employees in their official

---

[2]      With respect to the remaining John Doe defendants, fictitious party pleading is not permitted in federal court unless the plaintiff's description of the fictitious defendants is so specific as to be, at the very worst, surplusage.   Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).   Plaintiff has not provided any specific allegations regarding the identities or actions of the John Doe defendants, and the John Doe defendants are required to be dismissed from this action.

[3]      "A city can waive its sovereign immunity by purchasing liability insurance if the 'policy of insurance issued covers an occurrence for which the defense of

capacities is a claim against a governmental entity, and is "subject to a claim of sovereign immunity."  See Campbell v. Goode, 695 S.E.2d 44, 45 (Ga. Ct. App. 2010).  Plaintiff did not identify any waiver of sovereign immunity that applies to this case, and the Court is not aware of any.  DeKalb County is protected by sovereign immunity from Plaintiff's state-law claims.  Because an action against a government official in his official capacity is in reality an action against the government entity the official represents, see Brandon v. Holt, 469 U.S. 464, 471 (1985), sovereign immunity also protects Defendants James and Mann from Plaintiff's state-law claims against them in their official capacities.

As to Plaintiff's Section 1983 claims against DeKalb County, a municipality is not, under the *respondeat superior* doctrine, liable under Section 1983 for the acts of its employees.  See Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of *respondeat superior*.").  A municipality is only liable under Section 1983 where there is a "direct causal link between a municipal policy or custom and the alleged

---

sovereign immunity is available, and then only to the extent of the limits of such insurance policy.'"  Gray v. Ector, 541 F. App'x 920, 926 (11th Cir. 2013) (quoting O.C.G.A. § 36-33-1(a)).  Plaintiff does not allege this exception applies.

constitutional deprivation.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989); <u>see also</u> <u>Brown</u>, 520 U.S. at 404.

Plaintiff alleges that the DKPD and the DeKalb County Sheriff's Office have "a pattern and practice and/or custom and policy, *inter alia*, of:  a) failing to release inmates after being informed that there was no further legal basis for their release, and b) otherwise failing to ensure that it does not violate the Constitutional rights of the citizens of DeKalb County and the persons held in its custody, and c) failing to properly supervise or discipline employees engaging in said conduct." (Compl. ¶¶ 55, 56).  Plaintiff alleges the DA's Office also has a pattern and practice of allowing cases to remain open and unindicted, failing to inform the Sheriff's Office when it dismisses charges, failing to confirm the release from custody of criminal defendants against whom charges have been dismissed, otherwise failing to ensure that it does not violate citizens' constitutional rights, and failing to properly supervise or discipline employees engaging in the foregoing conduct.  (Compl. ¶ 54).  Plaintiff further alleges that "[t]he conscience-shocking acts of the employees and agents of the DeKalb Agencies were the result of an established pattern or practice and/or custom or policy of said agencies[.]" (Compl. ¶ 67).

11

These conclusory allegations, unsupported by any specific facts, are insufficient to plausibly state a Section 1983 claim against DeKalb County.  See Iqbal, 556 U.S. at 678; see also Harvey v. City of Stuart, 296 F. App'x 824, 826 (11th Cir. 2008) ("vague and conclusory allegations" of a custom or policy are insufficient to support a claim for municipal liability under Section 1983).  If the Court allowed Plaintiff to substitute DeKalb County for DKPD, the Court would be required to dismiss Plaintiff's claims against DeKalb County.  For the same reasons, Plaintiff's Section 1983 claims against Sheriff Mann and Defendant James in their official capacities also are required to be dismissed.  See Brandon, 469 U.S. at 471 (an action against a government official in his official capacity is in reality an action against the government entity the official represents).  Because Plaintiff's substitution requests are futile, the Court denies Plaintiff's Motion to Substitute.

### 3.     Defendant James's Motion

Defendant James moves for judgment as a matter of law on Plaintiff's claims against him, arguing, among other things, that all of Plaintiff's claims are barred by prosecutorial immunity.  Prosecutors have absolute immunity from damages in Section 1983 actions for their prosecutorial actions.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (holding that a state prosecuting officer

had absolute immunity under § 1983 when initiating a prosecution and when presenting a state's case); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (extending immunity to federal prosecutors in Bivens actions).  Prosecutorial immunity protects prosecutors for all actions they take while performing their functions as advocates for the government.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002).  Under these principles, even if the prosecutor "knowingly proffers perjured testimony and fabricated exhibits, [a prosecutor] is entitled to absolute immunity from liability for doing so."  Rowe, 279 F.3d at 1279-80.  The broad scope of the prosecutorial immunity leaves even "the genuinely wronged" without civil redress against a prosecutor.  Imbler, 424 U.S. at 427.

Plaintiff argues that Defendant James's "prosecution" of Plaintiff ended on February 26, 2014, when all charges against him were dismissed, and thus prosecutorial immunity does not extend to James's failure to ensure Plaintiff's release.  The Court disagrees.  In Brooks v. George Cty., 84 F.3d 157 (5th Cir. 1996), the Fifth Circuit considered whether a state prosecutor was entitled to prosecutorial immunity where he allegedly failed to notify the plaintiff that charges against him had been dismissed, resulting in the plaintiff's imprisonment for eight months.  The Fifth Circuit first noted that, as a state actor, the prosecutor is

13

shielded in his official capacity by Eleventh Amendment immunity.  The court

then noted that the prosecutor was immune from suit in his individual capacity,

because "the prosecutor's acts . . . of requesting that the court enter an order of

nolle prosequi of [plaintiff]'s criminal charges, of having an order prepared for the

court that memorialized the same, and the forwarding of such order to the clerk for

filing are all prosecutorial activities 'intimately associated with the *judicial* phase

of the criminal process.'"  Id. (emphasis in original) (quoting Imbler, 424 U.S. at

430); accord Pusey v. City of Youngstown, 11 F.3d 652, 658 (6th Cir. 1993)

("Giving notice to witnesses, victims or defendants is certainly one of those core

prosecutorial functions which is protected by absolute immunity."); Holsey v.

Hind, 377 S.E.2d 200, 201 (Ga. Ct. App. 1988) (where arrestee was held in jail for

forty days without cause because the district attorney's office failed to notify him

charges were dismissed, the court relied on the reasoning in Imber to find that the

prosecutor was entitled to prosecutorial immunity).  The Court finds Defendant

James is entitled to prosecutorial immunity on Plaintiff's Section 1983 claims

against him in his individual capacity.  Defendant James also is entitled to

prosecutorial immunity on Plaintiff's state-law claims against him.  See Mosier

v. State Bd. of Pardons & Paroles, 445 S.E.2d 535 (Ga. Ct. App. 1994); Holsey,

377 S.E.2d at 201.  As explained above, Defendant James also is protected by

sovereign immunity against Plaintiff's state-law claims against him in his official

capacity, and Plaintiff's Section 1983 claims against him in his official capacity

fail to state a claim.  Defendant James's Motion is granted.

     4.  <u>Defendant Mann's Motion</u>

   Defendant Mann moves for judgment as a matter of law on Plaintiff's claims

against him, arguing, among other things, that Plaintiff failed to serve process on

him within the 90 days required by Federal Rule of Civil Procedure 4(m).

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed,
> the court—on motion or on its own after notice to the plaintiff—must
> dismiss the action without prejudice against that defendant or order
> that service be made within a specified time.  But if the plaintiff
> shows good cause for the failure, the court must extend the time for
> service for an appropriate period.

Fed. R. Civ. P. 4(m).  Under Rule 4(e), service of process may be effected in one

of four ways:  first, by serving the defendant with process in accordance with

Georgia law;[4] second, by delivering to the defendant personally a copy of the

---

[4]   The Georgia statute governing service of process on an individual defendant
provides for service of process in the same manner as permitted under Federal Rule
of Civil Procedure 4(e).  <u>See</u> O.C.G.A. § 9-11-4(e)(7) (service of process on an
individual requires service "to the defendant personally, or by leaving copies
thereof at the defendant's dwelling house or usual place of abode with some person
of suitable age and discretion then residing therein, or by delivering a copy of the

summons and complaint; third, by leaving a copy of each at the defendant's "dwelling or usual place of abode," under certain proscribed conditions; or finally, by leaving a copy of each with an "agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).

Plaintiff claims "a process server presented the pleadings to a deputy" at the DeKalb County Sheriff's Office, "who accepted service of them on Defendant Mann's behalf."  ([19.1] at 1-2).  There is no provision in the Federal Rules or in Georgia's process rules "for leaving a copy at the individual's place of business or with the individual's employer."  Melton v. Wiley, 262 F. App'x 921, 923 (11th Cir. 2008).  "In order to serve an individual defendant by delivering the papers to the defendant's workplace, they cannot be left with just anyone, but only with 'an agent authorized by appointment or by law to receive service of process.'"  Space Coast Cred. Union v. Groce, 785 S.E.2d 663, 666 (Ga. Ct. App. 2016) (quoting O.C.G.A. § 9-11-4(e)(7)); see also Reeves v. Wilbanks, 542 F. App'x 742, 747 (11th Cir. 2013) (service of process under Georgia law "must be made on an actual agent" and not on "merely an apparent agent" or "secretary").  Plaintiff does not

---

summons and complaint to an agent authorized by appointment or by law to receive service of process").

argue, and does not provide any evidence to support, that he served Defendant

Mann's actual agent.  Plaintiff's attempt to serve Defendant Mann was ineffective.

Plaintiff next claims that, "[o]ut of an abundance of caution, Plaintiff

re-served the [Defendant Mann] at his Memorial Drive address on June 3, 2016."

(Id. at 2).  Plaintiff's process server left of a copy of the complaint and summons

with "James Kelly" at "205 Memorial Drive Decatur, GA."  ([19.2] at 6).  It

appears Plaintiff again attempted to serve Defendant Mann at a DeKalb County

Sheriff's Office location.  As Defendant Mann notes, 205 Memorial Drive,

Decatur, is not the address of a DeKalb County government office.[5]  Indeed, it

does not appear that the address exists at all.  Even if it did, Plaintiff's second

attempt to serve Defendant Mann at his place of business is ineffective for the

same reasons his first attempt was ineffective.  Plaintiff has not shown good cause

for his failure to serve Defendant Mann, and Defendant Mann's Motion is granted.

Plaintiff's claims against Defendant Mann in his individual capacity are dismissed

without prejudice.  See Fed. R. Civ. P. 4(m).  As discussed above, Plaintiff's state-

law claims against Defendant Mann in his official capacity are barred by sovereign

immunity.  Plaintiff's Section 1983 claims against Defendant Mann in his official

---

[5]     The Court may take judicial notice of government boundaries.  Gov't of
Canal Zone v. Burjan, 596 F.2d 690, 693-94 (5th Cir. 1979).

capacity are required to be dismissed because Plaintiff fails to allege sufficient facts to plausibly state a Section 1983 official-capacity claim.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant DeKalb County Police Department's Motion to Dismiss [3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Robert James's Motion for Judgment on the Pleadings [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Jeff Mann's Motion for Judgment on the Pleadings [9] is **GRANTED**.  Plaintiff's individual capacity claims against Defendant Mann are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's official-capacity claims against Defendant Mann are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Darrick McDuffie's Motion to Substitute [8] is **DENIED**.

**IT IS FURTHER ORDERED** that the John Doe defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

18

**SO ORDERED** this 14th day of December, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE